IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY MILTON BOONE,           *
          Petitioner,

     v.                         *  CIVIL NO. CCB-13-1116

STATE OF MARYLAND, et al.,        *
          Respondent.

                         ***

**MEMORANDUM**

A response to the petition for writ of habeas corpus with exhibits was filed in the above-captioned case. The matter is now ready for review. The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2014). For the reasons to follow, the petition will be denied.

**Factual and Procedural History**

Timothy Milton Boone was charged with attempted murder, first-degree assault, second-degree assault, use of a handgun in the commission of a crime of violence, and first-degree burglary in the Circuit Court for Prince George's County. (ECF No. 15, Ex. 1 at 3.) After a jury trial, petitioner was convicted of first-degree assault, second-degree assault (which merged into the first-degree assault conviction), and first-degree burglary. (*Id*. at 6.) The Court of Special Appeals of Maryland summarized the facts adduced at trial as follows:

> The charges in the case arose of events that took place on November 19, 2005. Angela Contee testified that about 6:15 that evening she and her young child were in the upstairs front bedroom of her townhouse at 2754 Iverson Street in Temple Hills, Maryland. Ms. Contee's townhouse was the second unit from the end.
> Ms. Contee testified that she was feeding her child when she heard the sounds of someone kicking and banging at her back door and glass breaking. She then heard someone come up the stairs to the second floor. She locked herself in the bedroom and called 911. While talking to the dispatcher, Ms. Contee saw the

knob of her bedroom door turn.  She heard sirens and then heard the person walk back down the stairs and leave the house.

Officer Clarence Black of the Prince George's County Police Department testified that he responded to Ms. Contee's townhouse for a burglary in process. He was in uniform and drove a marked cruiser.  As he approached the front of the townhouse, he "cut off" the car's lights.  He exited his car and saw a man, later identified as appellant, come around the corner of the end townhouse toward him. The officer yelled to appellant to "stop," but he turned and ran to the area behind the townhouse.

Officer Black chased appellant for about 15 to 20 feet before appellant, who was about 10 to 15 feet in front of the officer, turned toward him.  Officer Black saw a flash and heard a gunshot.  He then pulled his service revolver and fired three rounds.  One of the shots struck appellant in the buttocks, and he fell to the ground.  Officer Black approached appellant and spotted a shotgun that lay just above his head.  The officer told appellant not to move or touch the shotgun. He then called for back-up.

Two back-up police officers testified that, upon arriving at the scene, they saw appellant lying on the ground with a shotgun near the right side of his head. The police collected from the scene the shotgun; shotgun shells, including one that had been fired; a black bag with a brandy bottle in it; and some clothing. Among the clothing was a pair of pants, the pocket of which contained a live shotgun shell.

An expert in fingerprint analysis testified that appellant's fingerprints matched the prints found on the brandy bottle.  A firearms expert testified that the shotgun was operable and could only be fired by pulling the trigger.  The expert further testified that the shotgun shells were from the same manufacturer and could have been used in the firearm, but there were insufficient markings from which to conclude with one "hundred percent certainty" that the fired shotgun shell had been fired from the shotgun found near appellant.

Detective David Morissette of the Prince George's County Police Department spoke with appellant at the hospital four days after the shooting.  He testified that he advised appellant of his rights during that visit and took a recorded statement.  The recorded statement was played for the jury and admitted into evidence.  Appellant explained in the statement that he was "cutting through" the townhouse yard to a nearby store when he saw the shotgun.  He picked it up and then heard someone yell "Freeze."  He dropped the gun and ran. The officer then shot him.  Appellant denied going into the victim's townhouse and denied drinking any liquor from the brandy bottle.

(ECF No. 15, Ex. 8 at 1-3.)

Petitioner was sentenced on August 4, 2006, to a total term of 45 years imprisonment.

(ECF No. 15, Ex. 5 at 11.)  He noted a timely appeal raising the following claims in the Court of

Special Appeals:

> 1. Did the trial court err in refusing to ask the jury on voir dire 1) whether anyone would be more inclined to believe the testimony of a police officer, solely because the witness was a police officer, and 2) whether anyone had such strong feelings about the use of a handgun that he or she would be unable to render a fair and impartial verdict in the case?
> 2. Did the trial court err in instructing the jury that a first degree burglary is the breaking and entering of a dwelling with the intent to commit theft *or* a crime of violence, when it was only alleged in the charging document that the Appellant had entered the premises with the intent to commit theft?
> 3. Did the State present improper closing argument when it informed the jurors that they could find the Appellant guilty of first degree burglary if they found that he had committed a breaking and entering of the dwelling with the intent to commit theft *or* with the intent to commit a crime of violence?
> 4. Did the trial court err in denying defense counsel's request for an instruction on voluntary intoxication?
> 5. Did the trial court improperly consider at sentencing prior charges of which the Appellant had not been convicted?

(ECF No. 15, Ex. 6 at 2.)

Petitioner's convictions were affirmed on July 1, 2008.  (ECF No. 15, Ex. 8.)  Petitioner

then filed a petition for writ of certiorari raising the following claims:

> 1. When a crime can be committed with alternate intents, is it error to instruct the jury on an intent which was not alleged in the charging document?
> 2. When only one of the alternate intents is alleged in the charging document, is it error to permit the State, in closing argument, to state that the evidence would support a finding of either intent?

(ECF No. 15, Ex. 9 at 2.)  The petition was denied on October 10, 2008. (ECF No. 15, Ex. 10.)

Petitioner sought further review in the Supreme Court of the United States, which denied his

request on February 23, 2009.  *See Boone v. Maryland*, 555 U.S. 1192 (2009).

Petitioner instituted state post-conviction proceedings in late March 2009.  (ECF No. 15, Ex. 11.)  The petition, as amended and construed, alleged: (A) the State presented improper closing arguments; (B) the identification of Boone was improper and insufficient to convict Boone; and (C) trial counsel was ineffective for (1) failing to object to the absence of two voir dire questions and (2) failing to argue in the motion for judgment of acquittal with respect to first-degree burglary.  (ECF No. 15, Ex. 15 at 4-8, 12, 18-24; *see also* ECF No. 15, Exs. 11-14, 16.)  After a hearing held November 11, 2011, the post-conviction court denied relief as to all claims on January 27, 2012.  (ECF No. 15, Ex. 16 at 8.)

Petitioner filed an application for leave to appeal that, as supplemented, alleged: (A) trial counsel was ineffective for (1) failing to object to the absence of certain voir dire questions and (2) failing to make a motion for judgment of acquittal with respect to first-degree burglary and first-degree assault; (B) appellate counsel and post-conviction counsel were ineffective for failing to argue that the evidence was insufficient to sustain his convictions for first-degree burglary, first-degree assault, and second-degree assault; and (C) the trial court abused its discretion by denying the motion for judgment of acquittal on all counts.  (ECF No. 15, Ex 17.)  The Court of Special Appeals summarily denied that application, with the court's mandate issuing on January 22, 2013.  (ECF No. 15, Ex. 18.)

Here, petitioner maintains solely that the evidence was insufficient to sustain his convictions.  (ECF No. 5 at 4; ECF No. 7 at 4.)

### Procedural Default

Usually, "a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural

4

rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).  In that circumstance, the petitioner

is said to have procedurally defaulted his claims.

Before petitioner may seek habeas relief in federal court, he also must exhaust each claim

presented to the federal court by pursuing remedies available in state court.  *See Rose v. Lundy*,

455 U.S. 509, 521 (1982).  This exhaustion requirement is satisfied by seeking review of the

claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)-(c).  Although exhaustion and

procedural default are doctrinally distinct concepts, "[a] procedural default may be *caused* by a

failure to exhaust federal claims in state court."  *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.

2002).  Specifically, where "an unexhausted claim would not be entertained by the state court if

presented," it is treated as "exhausted and denied on an adequate and independent state-law

ground."  *George v. Angelone*, 100 F.3d 353, 364 n.14 (4th Cir. 1996).

If a procedural default has occurred, a federal court may not address the merits of a state

prisoner's habeas claim unless the petitioner can show (1) both cause for the default and

prejudice that would result from failing to consider the claim on the merits, or (2) that failure to

consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of

one who is actually innocent.[1]  *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard v.*

*Pruett*, 134 F.3d 615, 620 (4th Cir. 1998).  "Cause" consists of "'some objective factor external

to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate

time."  *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488).  Even where a petitioner

---

[1] "Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted
constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have
convicted the petitioner in light of the new evidence."  *Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice.   *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

Respondents maintain that petitioner's claim regarding the sufficiency of the evidence is procedurally defaulted in that it was not raised in the identical fashion in the state courts as presented here.  (ECF No. 15, at 15–16.)  Indeed, Boone did not directly challenge the sufficiency of the evidence underlying his convictions on direct appeal or in post-conviction proceedings, other than his argument concerning the sufficiency of the evidence underlying his identification, which is addressed below.  He no longer has any opportunity to do so in Maryland court.  *See* Md. Code Ann., Crim. Proc. §§ 7-103(a), 7-106(b)(1)(i).  Those claims are thus procedurally defaulted, unless that default is otherwise excused.

To the extent petitioner's present claims also rest on a challenge to the sufficiency of the evidence supporting his identification—rather than the remaining elements of each offense—it is defaulted for a separate reason:  During state post-conviction proceedings, petitioner raised a claim that the identification of him in the case was improper and insufficient to sustain his conviction.  The post-conviction court found, however, that the claim was waived because it was not raised on direct appeal—a procedural default.[2]  (ECF No. 15, Ex. 16 at 5.)  Petitioner failed to reiterate the claim regarding sufficiency of the identification in his application for leave to appeal the denial of post-conviction relief, forming an additional basis for procedural default.[3]

---

[2] In the alternative, the state post-conviction court concluded that the identification at trial was "sufficient to convict Petitioner."  (ECF No. 15, Ex. 16 at 5.)  A state post-conviction court's consideration of the merits as an alternative basis for denying relief does not eliminate the effect of the procedural default.  *See Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010).

[3] Petitioner did raise in his application for leave to appeal the claim that trial counsel was ineffective for failure to argue sufficiency of the evidence as to his first degree burglary conviction, and that his appellate and post-conviction counsel were ineffective for failing to argue that the evidence was insufficient to sustain any of his

(ECF No. 15, Ex. 17.)  To the extent he now raises that claim here, it is procedurally defaulted.

Petitioner was provided an opportunity to explain why his claim should not be deemed procedurally defaulted.  (ECF No.  16.)  Petitioner has responded. (ECF Nos. 17, 18.)  He argues that his application for leave to appeal the denial of post-conviction relief *did* present his sufficiency of the evidence claims, because it asserted that his lawyers had rendered ineffective assistance of counsel in failing to argue that the evidence was insufficient to sustain his convictions.  Even if that claim were presented properly and thus not defaulted—which the court does not decide—it has not been asserted here.  And those claims that petitioner *has* included in this petition were never properly put before the Maryland courts.  There is no suggestion on the record before this court that new evidence exists indicating petitioner has a viable claim of actual innocence, nor any other basis for excusing petitioner's failure to present his claims properly to the Maryland courts.  Accordingly, his claims are procedurally defaulted.

### Merits

Even if petitioner's claim regarding the sufficiency of the evidence were not defaulted, he would still be entitled to no relief to the extent he contests the sufficiency of the evidence supporting his identification or his first-degree burglary conviction.

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state adjudication is contrary to clearly established federal law under § 2254(d)(1)

_____

convictions.

where the state court (1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  Under the "unreasonable application" prong of the standard, a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "Rather, that application must be objectively unreasonable."  *Renico v. Lett*, 559 U.S. 766, 773 (2010).  Thus, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law."  *Harrington*, 562 U.S. at 101 (quoting *Williams*, 529 U.S. at 410).

Under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Wood v. Allen*, 558 U.S.290, 301 (2010).  "[E]ven if 'reasonable minds reviewing the record might disagree about the finding in question,'" a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts.  *Id*. (quoting *Rice v. Collins*, 546 U.S. 333, 341-42 (2006)).

In rejecting petitioner's claim that the identification was insufficient to sustain his conviction, the post-conviction court held that the "identification, despite discrepancies, is sufficient to convict Petitioner."  (ECF No. 15, Ex. 16 at 5.)  The state court's ruling is reasonable and survives scrutiny under 18 U.S.C. § 2254(d).

Additionally, the state post-conviction court rejected petitioner's claim that trial counsel

was deficient for failing to argue for judgment of acquittal as to the first-degree burglary charge

based on insufficiency of the evidence:

> Petitioner argues that he received ineffective assistance of counsel because his trial counsel failed to argue a motion for a judgment of acquittal that the evidence was insufficient to support a conviction for First Degree Burglary. Petitioner argues that while there was evidence that a burglary occurred, there was inadequate evidence to connect him to the burglary. Therefore, he argues he was prejudiced when trial counsel failed to sufficiently argue for a judgment of acquittal.
>
> Trial counsel moved for judgments of acquittal twice, after the State rested and at the conclusion of all evidence. Trial counsel specifically argued the motion as to all other counts in the case except for Burglary. While trial counsel did move for a judgment of acquittal on the charge of First Degree Burglary, the Court finds that the trial counsel did not state the reasons why his motion for judgment of acquittal should be granted as to the charge of First Degree Burglary. TR 2-32-36. Therefore, the court finds that trial counsel's motion for judgment of acquittal was insufficient on the charge of First Degree Burglary. *Fradin v. State*, 85 Md.App. 231, 244-45 (1991); *State v. Lyles*, 308 Md. 129, 135 (1986); *Parker v. State*, 72 Md.App. 610, 615 (1987).
>
> The Court finds that while trial counsel failed to sufficiently argue for a motion for judgment of acquittal for First Degree Burglary, the Petitioner is not entitled to have the verdict overturned. When trial counsel fails to make a motion for judgment of acquittal, the Court must determine whether the evidence was sufficient to sustain a conviction. *Mosely v. State*, 378 Md. 548 (2003). A failure to make a motion for judgment of acquittal that has no chance of success is not ineffective assistance of counsel since it fails both prongs of the *Strickland* test. *US v. Carter*, 355 F.3d 920 (2004).
>
> Burglary is the breaking and entering of a dwelling with the intent to commit theft therein. Md. Code, Criminal Law, §6-202. Proof of burglary does not require direct evidence, but can be inferred from circumstantial evidence. *Benton v. State*, 8 Md.App. 388 (1969). However, merely proving the defendant was at the scene prior to the burglary is insufficient evidence and will not survive a motion for judgment of acquittal. *Warfield v. State*, 315 Md. 474 (1988).
>
> The Court finds that while there was no eyewitness evidence of Petitioner breaking into the victim's home, there was circumstantial evidence that he committed the offense. There was convincing evidence that the Petitioner was at the scene moments after the crime was committed, fled from the police when ordered to stop, shot at the police, was found with a shotgun lying next to his body, and there were shotgun shells at the scene. From that, a rational jury could infer that Petitioner committed the burglary. The Court finds that the evidence,

> though circumstantial, was sufficient to support a conviction for First Degree
> Burglary.  Therefore, the Court finds that the petitioner was not prejudiced
> because the motion would have been denied. *Mosely*, 378 Md. at 548.

ECF No. 15, Ex. 16, pp. 6-8.  Where a state court examines the merits of an argument "in the

context of the prejudice prong of an ineffective assistance of . . . counsel claim," that

examination "constitutes an adjudication on the merits" under 28 U.S.C. § 2254(d).  *Albrecht v.*

*Horn*, 485 F.3d 103, 116 (3d Cir. 2007).

The standard of review for a sufficiency of the evidence claim under the Constitution is

"whether, after viewing evidence in a light most favorable to the prosecution, *any* rational trier of

fact could find essential elements of crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443

U.S. 307, 319 (1979).  The court must "consider circumstantial as well as direct evidence, and

allow the government the benefit of all reasonable inferences from the facts proven to the facts

sought to be established."  *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).   The

determination of the credibility of each witness is within the sole province of the jury and is not

susceptible to review.  *See United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

The post-conviction court's determination that the circumstantial evidence presented by

the State was sufficient for the fact finder to hold beyond a reasonable doubt that petitioner

burglarized the victim's apartment is supported by the record.  The state court's decision

survives scrutiny under 28 U.S.C. §2254(d) and shall not be disturbed.

## Conclusion

The record establishes, and this court determines, that petitioner is not entitled to federal

habeas relief on two grounds.  Boone's claims are all procedurally defaulted.  Even were it

otherwise, there is no basis for finding constitutional deficiencies in the state court proceedings

to the extent Boone now asserts that his identification was insufficient or that the evidence

underlying his burglary conviction was insufficient.

Additionally, a certificate of appealability is not warranted.  Such a certificate may issue

"only if the applicant has made a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  Where a district court rejects a prisoner's claims on the merits, that

standard is met if the prisoner "demonstrate[s] that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S.

274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues

presented were adequate to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

(quoting *Slack*, 529 U.S. at 484).  Where a district court rejects a prisoner's claims "on

procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner

must show, "at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right, and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000).  Because this court finds that there has been no substantial showing of the

denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U. S.C. §

2253(c)(2).

Accordingly, the petition shall be dismissed with prejudice and a certificate of

appealability will not issue. A separate order follows.


Date:   May 14, 2015                                    _____/S/_____  _____
                                                        Catherine C. Blake
                                                        United States District Judge